IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**FEDERAL HOME LOAN MORTGAGE
CORPORATION,**

        **Plaintiff,**

v.                                                             **Civil Action No. 3:12-CV-0841-N-BK**

**JOE FUNK, JR.,**

        **Defendant,**

## FINDINGS, CONCLUSION AND RECOMMENDATION

Pursuant to the District Court's referral of this case for pretrial management under *Special Order 3*, the Court now considers Plaintiff's *Motion to Remand*. (Doc. 5). For the reasons that follow, it is recommended that Plaintiff's *Motion to Remand* be **GRANTED**.[1]

Plaintiff initiated this action for forcible detainer against the *pro se* Defendant in state court, after Plaintiff foreclosed on Defendant's property but Defendant subsequently refused to vacate the premises. (Doc. 3 at 10). On March 21, 2012, Defendant removed the case to federal court, alleging that diversity jurisdiction exists. *Id.* at 1-2. In particular, Defendant contends that he is a citizen of Texas, Plaintiff's main office is in Virginia, and the subject real property has a fair market value of $115,000. *Id.* at 2-3.

On March 22, 2012, Plaintiff filed the instant *Motion to Remand*, arguing that because Defendant is a citizen of Texas, the state in which this action was brought, he could not remove the case to federal court. (Doc. 5 at 5). In the alternative, Plaintiff contends that removal was

---

[1] Although there is no binding precedent in this Circuit addressing whether a magistrate judge may adjudicate a motion to remand, several circuit courts have held that remands can only be effectuated by a district judge. *See Raspberry v. Capitol County Mut. Fire Ins. Co.*, 609 F. Supp.2d 594, 597 n.1 (E.D. Tex. 2009) (collecting cases).

improper because the requisite amount in controversy has not been satisfied. *Id.* at 6. Although his response was due on April 12, 2012, Defendant has not responded to Plaintiff's motion. N.D. TEX. LOCAL RULE 7.1(e) (establishing 21-day time frame to respond to motions).

The federal district court has original jurisdiction of all civil actions where the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a). A suit originally filed in state court is removable to federal court, as long as the defendant is not a citizen of the state in which the action s brought. 28 U.S.C. § 1441(b). This is commonly known as the "forum-defendant" rule. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 392 (5th Cir. 2009). Once a case is removed to federal court, a plaintiff may move to remand the case to state court within 30 days after the notice of removal is filed. 28 U.S.C. § 1447(c). Removal statutes are strictly construed in favor of remand and against removal. *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

In this case, Defendant admits in his notice of removal that he is a citizen of Texas. (Doc. 3 at 2-3). Because Defendant is a citizen of Texas and has removed this case to a district court sitting in Texas, removal was improper under section 1441(b). Moreover, this case does not satisfy the $75,000 amount in controversy requirement because monetary damages in forcible detainer actions are limited to reasonable rent for the period since the foreclosure sale, which Plaintiff alleges does not exceed $75,000. TEX. PROP. CODE § 24.0051 (governing forcible detainer action against a tenant for non-payment of rent and providing that a landlord may sue for physical possession of the premises and unpaid rent); TEX. R. CIV. P. 752 (providing that a party in a forcible detainer action is permitted to recover damages suffered due to the withholding of the premises during the pendency of any appeal and noting that damages include the loss of

2

rental income). Accordingly, this Court lacks jurisdiction, and Plaintiff's *Motion to Remand* (Doc. 5) should be **GRANTED**.

**SO RECOMMENDED** on April 18, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE